IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK LANGAN, | : | No. 3:08cv323 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| THE PROCTER & GAMBLE CO., | : | |
| Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition is the defendant's motion to dismiss the plaintiff's employment discrimination lawsuit. The matter has been fully briefed and is ripe for disposition.

**Background**[1]

Defendant, The Procter & Gamble Co., employed plaintiff commencing in September 1997. (Doc. 1-4, Complaint at ¶ 8). Over the course of his employment plaintiff attained several promotions and pay raises. (Id. at ¶ 9). One of his employment goals was to attain the "zone owner" position. (Id. at ¶ 10). "Zone owners" are responsible for ensuring that defendant complies with state and federal regulations regarding air and water quality inside and outside of the defendant's production plant. (Id. at 14). Plaintiff obtained this position in May 2003. (Id. at ¶ 13). While performing this job, plaintiff reported air and water quality issues and violations to state and federal environmental agencies. (Id. ¶¶ 15-21, 27). He also reported to the Occupational Safety and Health Administration ("OSHA"), the Industrial Health and Safety Department and the Human Relations Department. (Id. at 29). Plaintiff asserts that defendant

---

[1] These facts are derived from the plaintiff's complaint, which we must accept as true in deciding the instant motion. We make no general finding as to the veracity of the complaint's allegations.

terminated his employment because he reported air and water quality issues to the defendant and government regulatory bodies.  (Id. at ¶ ¶ 25, 31).  Based upon these facts, the plaintiff filed a one-count complaint alleging wrongful termination.  Defendant now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332.  The plaintiff is a citizen of Pennsylvania.   (Doc. 1-4, Complaint ¶ 2) and the defendant is a citizen of Ohio.  Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of review**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested.  The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted.  In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

**Discussion**

Defendant's motion to dismiss asserts that the statute of limitations bars plaintiff's complaint.  Defendant asserts that the wrongful termination claim has a statute of limitations of two (2) years.  According to the defendant, plaintiff was discharged on June 7, 2005.  The instant action

was commenced on October 15, 2007.  Therefore, it is time barred.

The plaintiff argues that the delay in filing his lawsuit was due to the time it took to exhaust his administrative remedies.  Defendant asserts that there is no need to exhaust administrative remedies before commencing a wrongful termination cause of action.

We find that it is premature to address this issue.  Defendant has filed a motion to dismiss pursuant to Rule 12(b)(6).  Therefore, we can look only at the allegations in the complaint and attachments to the complaint to determine the facts.  See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir.1994). The complaint does not contain an allegation as to when defendant discharged plaintiff from his employment.  Defendant, relying on an exhibit attached to its motion to dismiss asserts that plaintiff was discharged on June 7, 2005.  (Doc. 3, ¶ 4).  Plaintiff in his response to the motion to dismiss denies this assertion and avers that the exhibit speaks for itself.  (Doc. 9, ¶ 4).  In order to determine the issues raised by the defendant we must know when plaintiff was discharged.  Because we cannot determine this date from the complaint, we will deny the motion to dismiss without prejudice.  This issue might best be addressed in a motion for summary judgment where we can examine matters outside of the complaint.[2]  An appropriate order follows.

---

[2]A motion for summary judgment can be raised at "at any time after. . . 20 days have passed from commencement of the action." Fed. R. Civ. Pro. 56(a)(1).  We could treat the motion as a motion for summary judgment.  If we did, however, we would have to provide "[a]ll parties . . . a reasonable opportunity to present all material that is pertinent to the motion."  Fed. R. Civ. Pro. 12(d).  We choose to merely deny the motion to dismiss and allow the parties to proceed as they see fit.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK LANGAN,** | : | **No. 3:08cv323** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **THE PROCTER &** | : | |
| **GAMBLE CO.,** | : | |
| **Defendant** | : | |

## **ORDER**

**AND NOW**, to wit, this 23rd day of September 2008, the defendant's motion to dismiss on the basis of the statute of limitations (Doc. 3) is hereby **DENIED** without prejudice.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

4