## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK LANGAN,** | : | No. 3:08cv323 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| **PROCTOR & GAMBLE, CO.** | : | |
| Defendant | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is the defendant's motion for summary judgment in this action for wrongful termination. The matter has been briefed and is ripe for disposition.

## BACKGROUND

Defendant, Proctor & Gamble, operates a paper products facility in Mehoopany, Pennsylvania. Mark Langan, the plaintiff, began working for defendant in September 1997 in the Environmental Services department. (Complaint (Doc. 1-4) at ¶ 8). Over the course of his employment, the plaintiff earned several promotions and raises, attaining the position of "zone owner" in May 2003. (Id. at ¶ 9-13). As a "zone owner," the plaintiff was responsible for ensuring that the defendant complied with state and federal regulations regarding air and water quality inside and outside of the defendant's plant. (Id.

at ¶ 14). As part of this position, the plaintiff maintains that he reported air and water quality issues to various internal and external regulatory bodies. (Id. at ¶¶ 15-18, 22, 28-30). Specifically, the plaintiff states that he called the Environmental Protection Agency in April 2005 to report an oil discharge into the Susquehanna River in 2000. (Id. at ¶¶ 15-16). Moreover, he states that he reported a National Pollution Discharge Elimination System permit violation in May 2005. (Id. at ¶¶ 17-18).

As a result of reporting environmental concerns that the plaintiff maintains he was required to do under state and federal law, the plaintiff alleges that he was wrongly discharged by the defendant. (Id. at ¶ 27). Both sides agree that the plaintiff's date of discharge was June 7, 2005. (Defendant's Statement of Material Facts, Ex. "Pl's Admissions" (Doc 23-3), EEOC Charge of Discrimination Form). Subsequently, the plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) and Pennsylvania Human Relations Commission (PHRC) on June 3, 2006, nearly one year later, alleging various instances of gender discrimination and retaliation for complaining about gender discrimination. Id. On his EEOC and PHRC submission, the defendant did not make any allegations that he was terminated for environmental reporting, although that concern is presumptively

outside the scope of those agencies. Id.  The plaintiff later received a "right to sue" letter from the PHRC, dated July 16, 2007, allowing him to file a complaint pursuant to the Pennsylvania Human Relations Act, 43 PA. CONS. STAT. § 962(c). (Defendant's Statement of Material Facts, Ex. "Pl's Interrogatory Responses" (Doc 23-4), Attachment B).  On October 15, 2007, the plaintiff filed a complaint in the Lackawanna County Court of Common Pleas averring a common law claim for wrongful termination in violation of public policy based on retaliation for environmental reporting. (Complaint at ¶¶ 1, 27).  No gender discrimination claims were made in the complaint.

The case was subsequently removed to this court on February 21, 2008. (Notice of Removal (Doc. 1)).  After a period of discovery with regard to the statute of limitations, the defendant filed the instant motion for summary judgment. (Doc. 21).

**JURISDICTION**

The plaintiff is a citizen of Pennsylvania. The defendant is a multinational corporation with a principal place of business in Cincinnati, Ohio. As such, this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The substantive law of Pennsylvania shall apply to the case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000), citing Erie R.R. v. Tompkins,

304 U.S. 64, 78 (1938).

**STANDARD OF REVIEW**

Summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Knabe v. Boury, 114 F.3d 407, 410 n. 4 (3d Cir.1997), citing FED. R. CIV. P. 56(C). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

An issue of material fact is "genuine" if the evidence is such that a reasonable jury might return a verdict for the non-moving party. Id. at 257. In determining whether a genuine issue of fact exists, a court must resolve all factual doubts and draw all reasonable inferences in favor of the nonmoving party. Conoshenti v. Public Serv. Elec. & Gas Co.,364 F.3d 135, 140 (3d Cir.2004) (citation omitted). Moreover, a fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under the

law applicable to the case. Anderson 477 U.S. at 248; Levendos v. Stern Entertainment Inc., 860 F.2d 1227, 1233 (3d Cir.1988).

When considering a motion for summary judgment, courts must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir.1990) (citation omitted). The moving party maintains the burden to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**DISCUSSION**

The plaintiff's sole cause of action is for wrongful termination in violation of public policy based on alleged retaliation for reporting environmental

concerns. The defendant moves for summary judgment arguing that the plaintiff did not file the complaint in this matter within the time frame afforded by the applicable statute of limitations. After a careful review, we agree with the defendant.

Under Pennsylvania law, "[t]he following actions and proceedings must be commenced within two years: . . . Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter." 42 PA. CONS. STAT. § 5524 (2008).

Accordingly, the statue of limitations for wrongful discharge claims in Pennsylvania is two years. Raleigh v. Westinghouse Elec. Corp., 550 A.2d 1013, 1014 (Pa. Super Ct. 1998), appeal denied 563 A.2d 499 (Pa. 1989) (wrongful discharge based on allegations of racial discrimination covered by two year statute of limitation); see Titus v. Home Depot, No. 08-2757, 2008 WL 4191685, *20-21 (E.D.Pa. September 10, 2008) (applying Pennsylvania law) ("Pennsylvania has a two-year statute of limitations on claims of wrongful discharge in violation of the public policy.").

The limitation period is calculated "from the time the cause of action accrued." 42 PA. CONS. STAT. § 5502(a). Put another way, "[t]he limitations period begins to run on a cause of action as soon as the right to institute and maintain suit arises." McCauley v. Owens-Corning Fiberglas Corp., 715 A.2d 1125, 1127 (Pa. Super. Ct. 1998), citing Cochran v. GAF Corp., 633 A.2d 1195 (Pa. Super. Ct. 1993), affirmed, 666 A.2d 245 (Pa. 1995). When an employee alleges that he was wrongfully discharged, his cause of action accrues as of the date he knows or has reason to know the injury which is the basis of the action. See Kuhn v. Oehme Carrier Corp., 255 F. Supp. 2d 458, 467 (E.D.Pa. 2003) (applying Pennsylvania law) ("Giving the plaintiff the benefit of the doubt, the last day on which [a] cause of action could have accrued was the last day [plaintiff] had anything to do with [the defendant].").

In the instant case, the plaintiff was terminated on June 7, 2005. (Defendant's Statement of Material Facts, Ex. "Pl's Admissions" (Doc 23-3), EEOC Charge of Discrimination Form). The plaintiff did not file a complaint until October 15, 2007, some two years and four months later. (Complaint). On the face of the complaint, the plaintiff alleges solely a claim for wrongful termination in violation of public policy because he reported various environmental issues while employed by the defendant. (Id. at ¶ 27). Plaintiff

argues now that this action for wrongful termination is timely because he received a "right to sue" letter from the PHRC on July 16, 2007, stemming from allegations of gender discrimination by the defendant. (Defendant's Statement of Material Facts, Ex. "Pl's Interrogatory Responses" (Doc 23-4), Attachment B). Although issued just three months before this action commenced, the plaintiff's "right to sue" notice from the PHRC has no effect on the timeliness of the plaintiff's common law wrongful termination claim arising out of reporting alleged environmental problems. See, e.g., Ashjari v. Nynex Corp., 182 F.3d 898 (2nd Cir. 1999) (unpublished) (explaining that filing an EEOC charge does not toll the time for state law claims arising from the same events); Juarez v. Ameritech Mobile Communications, Inc., 957 F.2d 317, 322-23 (7th Cir.1992) (citing Johnson v. Railway Express Agency, Inc., 421 U.S. 454 (1975) (holding that the statute of limitations on employee's state law invasion of privacy claim was not tolled by filing of EEOC charge); Barron v. Saint Joseph's University, No. Civ.A. 01-3063, 2002 WL 32345690, *6 (E.D. Pa. 2002) (explaining that the pendency of a charge of discrimination before the PHRC or EEOC does not toll the statute of limitations for related state tort claims). The PHRC letter merely indicates that the plaintiff now has the statutory and legally distinct right to sue in state court under the

8

Pennsylvania Human Relations Act (PHRA) for gender discrimination.[1]

In filings with this court regarding this motion, the plaintiff states that he was advised by the EEOC and PHRC on two separate occasions (July 25, 2005 and April 19, 2006) "that no action on the part of the plaintiff was needed and . . . [not] to be concerned with the Statute of Limitations for wrongful discharge." (Plaintiff's Reply Brief in Opposition to Defendant's Motion for Summary Judgment (Doc. 25) ¶ 5). The plaintiff provides nothing, however, to substantiate that statement. Regardless, inaccurate advice does not serve to extend the statute of limitations. See McCauley, 715 A.2d at 1129-30 ("[G]enerally, a plaintiff's lack of knowledge, misunderstanding, or mistake will not toll the running of the statute of limitations.") (citations omitted). The plaintiff's common law claim for wrongful termination in violation of public

---

[1] As noted above, the plaintiff's complaint raises no cause of action for gender discrimination. Even if this court were to entertain the gender discrimination claims raised in the plaintiff's PHRC complaint, these claims would also be time barred. Generally, under the PHRA, a plaintiff would have two years from the date listed on the "right to sue" letter to bring an action. See 43 PA. CONS. STAT. § 962(c)(2) (2008). Based on the date of plaintiff's "right to sue" notice in this case, July 16, 2007, the PHRA statute of limitations would foreclose any statutory gender discrimination claim after July 16, 2009. (Defendant's Statement of Material Facts, Ex. "Pl's Interrogatory Responses" (Doc 23-4), Attachment B). But to bring a statutory claim, the plaintiff would also have had to make a timely complaint to the EEOC and PHRC within 300 days of being terminated. See 42 U.S.C. § 2000e-5(e)(1). Defendant terminated the plaintiff on June 7, 2005. (Defendant's Statement of Material Facts, Ex. "Pl's Admissions" (Doc 23-3). Since the plaintiff did not file a claim with the EEOC and PHRC until June 3, 2006, some 361 days later, consequent claims based on gender discrimination would also be precluded.

policy is thus time-barred.

**CONCLUSION**

Given that the plaintiff filed this action for wrongful discharge four months after the statute of limitations expired, the defendant's motion for summary judgment will be granted. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK LANGAN,** | : | No. 3:08cv323 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| **v.** | : | |
| | : | |
| **PROCTOR & GAMBLE, CO.** | : | |
| **Defendant** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## <u>ORDER</u>

**AND NOW**, to wit, this 24th day of June 2009, Defendant's Motion for Summary Judgment (Doc. 21 ) is hereby **GRANTED**. The Clerk of Court is directed to **CLOSE** this case.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**